No. 2024-____

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

APPLE INC.,

*Appellant*,

v.

INTERNATIONAL TRADE COMMISSION,

*Appellee*,

On Appeal from the United States International Trade Commission in Investigation No. 337-TA-1276

**APPELLANT APPLE INC.'S NON-CONFIDENTIAL EMERGENCY MOTION FOR AN IMMEDIATE INTERIM STAY PENDING DISPOSITION OF MOTION FOR STAY PENDING APPEAL**

| | |
|---|---|
| JOSEPH J. MUELLER<br>SARAH R. FRAZIER<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02109<br>(617) 526-6000 | MARK D. SELWYN<br>THOMAS G. SPRANKLING<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA  94306<br>(650) 858-6000 |
| DAVID P. YIN<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>2100 Pennsylvania Avenue NW<br>Washington DC  20037<br>(202) 663-6000 | DEREK GOSMA<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>350 S. Grand Avenue, Suite 2400<br>Los Angeles, CA  90071<br>(213) 443-5300 |
| December 26, 2023 | *Attorneys for Appellant Apple Inc.* |

# FEDERAL CIRCUIT RULE 25.1(e)(1)(B) STATEMENT

The material omitted on pages 2 and 8 describes details of a confidential product redesign. The material omitted on page 4 contains information that complainants Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") designated as Confidential Business Information under the Administrative Protective Order in effect in ITC Investigation No. 1276.

# APPLE INC.'S EMERGENCY MOTION FOR AN IMMEDIATE INTERIM STAY PENDING DISPOSITION OF MOTION FOR STAY PENDING APPEAL

This emergency motion for an immediate interim stay arises from Appellee International Trade Commission's Final Determination, including its Limited Exclusion Order and Cease and Desist Order that both became final and enforceable early this morning. *See* Stay-Add-17-29; *see also* Stay-Add-156-497 (ALJ Final Initial Determination); Stay-Add-31-154 (Commission Opinion).[1] Apple is simultaneously filing a motion to stay the Orders pending the resolution of its appeal ("the Stay Motion"). However, the Commission has stated it will require over two weeks to respond. Apple will suffer irreparable harm if the Orders are left in place while the Stay Motion is being briefed and decided because they will bar Apple from importing and selling its two most popular Apple Watch models—the Apple Watch

---

[1] All citations to "Stay-Add" refer to the exhibits located in the Addendum attached to Apple's simultaneously filed motion to stay pending appeal.

Series 9 and Ultra 2 with blood oxygen sensing functionality—to potentially millions of U.S. consumers who wish to buy them. Importantly, the Exclusion Order Enforcement Branch of U.S. Customs and Border Protection is scheduled to decide on January 12, 2024 whether a redesigned version of the Apple Watch Series 9 and Ultra 2—which ■redesign details■ ■■—falls outside the scope of the Commission's remedial orders. At a minimum, the Court should grant a stay long enough for Customs to make this decision.

Apple accordingly requests that this Court grant an immediate administrative stay of the Orders on an emergency basis, lasting only as long as it takes for this Court to resolve the Stay Motion.[2] This Court has granted similar requests in the past when a lower tribunal's ruling would bar the importation and/or sale of a product line, including in the context of an ITC exclusion order. *See Allergan Limited v. ITC*, No. 2021-1653, ECF No. 24 at 3 (Feb. 16, 2021) ("The motion for an interim stay is granted to the extent that the Remedial Orders are temporarily

---

[2] The Commission opposes this Motion and states that it will ask this Court to delay ruling on the motion so it can file a response on January 5, 2024—a schedule that would defeat the purpose of an interim stay. Masimo has also stated that it opposes this motion. More broadly, both Masimo and the Commission declined Apple's suggestion to stipulate to both an interim stay and an extended briefing schedule for the Stay Motion that would allow all parties to avoid briefing these issues during the holiday season.

stayed and the government is directed not to enforce the Remedial Orders until further notice[.]"); *see also, e.g.*, *SynQor, Inc. v. Artesyn Techs., Inc.*, 635 F. App'x 891, 893 (Fed. Cir. 2015) (noting that this Court "issued an order imposing a temporary stay of the [district court's] permanent injunction so that it could fully consider the motion for a permanent stay"); *In re Cyclobenzaprine Hydrochloride*, 424 F. App'x 952, 953 (Fed. Cir. 2011) (granting "request for an immediate stay … pending … the court's consideration of the paper's submitted").[3]

**1.** Apple's Stay Motion lays out in detail why the Commission's Orders should be stayed. Apple incorporates that explanation by reference, which applies even more strongly here—where Apple is asking only for a short stay while this Court resolves its broader request.

In brief, the Commission's decision includes multiple errors and will accordingly likely be reversed on appeal. For example, Masimo failed to establish that a domestic industry relating to "an actual article that practices the patent" existed at the time its operative complaint was filed. *Microsoft Corp v. ITC*, 731 F.3d 1354,

---

[3] Per Federal Circuit Rule 18(c), Apple states that it filed a request for a stay pending appeal with the Commission on October 30, 2023, which was denied on December 20, 2023. Apple did not move for an interim stay because the Commission's Orders were not set to go into full effect until 60 days after the Orders issued. Because no public version of the Commission's decision was available at the time of this filing, Apple has filed the decision under seal, *see* Stay-Add-2-15, and refrained from quoting it directly or referencing any material Masimo has previously claimed to be confidential.

1361-1362 (Fed. Cir. 2013). Masimo's own engineer testified that he was not aware of any device identical to the object depicted in the CAD drawings submitted with Masimo's complaint. And while Masimo's complaint stated it would make a "Masimo Confidential Business Information … available upon request," Stay-Add-500-503 ¶¶ 47, 54, 61, 68, it was unable to provide any such device during discovery. Ultimately, the ALJ's ruling—which the Commission adopted—rested on improper speculation and "circumstantial evidence" that at least one of the dozens of devices that Masimo attempted to claim as the Masimo Watch existed before the operative complaint was filed.

The Commission's stay ruling did not substantively respond to Apple's argument. Stay-Add-6-7. Instead, the Commission cross-referenced 19 pages of the ALJ's decision without meaningful explanation. *Id.* The Commission apparently believed it did not need to resolve the issue on a motion to stay because it (mistakenly) viewed it as a factual question rather than a legal one. But even if the Commission was right about it being a factual question (and it is not), this Court has found the merits factor satisfied by a dispute over factual considerations. *E.g.*, *Standard Havens Prods., Inc. v. Gencor Indus. Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990).

As another example, the Commission's decision contravenes this Court's precedent by requiring that the prior art enable more than the asserted patent claim

requires to render the claim invalid. *See In re Epstein*, 32 F.2d 1559, 1568 (Fed. Cir. 1994); *accord In re Paulsen*, 30 F.3d 1475, 1481 (Fed. Cir. 1994). Here, the Commission left in place the ALJ's mistaken conclusion that the five remaining, live claims in this matter are not anticipated or obvious because the prior art allegedly does not enable blood oxygen measurements on the wrist (as opposed to elsewhere on the body)—even though neither patent at issue requires or teaches such measurements on the wrist. Notably, the Commission's stay decision did not grapple with the *Epstein*/*Paulsen* rule. Rather, the Commission indicated (for the first time) that Apple based its invalidity case solely on wrist-based use. Stay-Add-10. But the evidence established that Apple's prior art reference (Lumidigm) discloses that its sensor can be incorporated into *any* "portable electronic device," including wearable devices. Stay-Add-631-665 (Lumidigm reference) at Figs. 8A-E, Fig. 9., 3:35-37, 12:56-13:14, 11:60-12:2; Stay-Add-527-528 (1205:12-1206:7 (Warren Tr.).

As a third example, Masimo should have been barred from receiving any relief based on the doctrine of patent laches. As this Court recently explained, laches applies if "(1) the patentee's delay in prosecution … [is] unreasonable and inexcusable under the totality of circumstances" and "(2) the accused infringer … suffered prejudice attributable to the delay." *See Personalized Media Communications, LLC v. Apple Inc.*, 57 F.4th 1346, 1354 (Fed. Cir. 2023). Here, Masimo waited over a decade after it filed its original provisional applications, only

to file the new applications that became the supposedly infringed patents just a week after Apple launched the first of the accused Apple Watch products. Masimo has failed to provide any explanation for this convenient timing, which prejudiced Apple by causing it to expend tremendous time and money in developing versions of Apple Watch that Apple might otherwise have altered to avoid any alleged conflict with the asserted claims.

The Commission's stay decision did not address the merits of this argument. Instead, it held that the point was waived—purportedly because Apple's petition for review merely incorporated this argument by reference from its post-trial briefing. Stay-Add-8. This is factually incorrect. Apple briefed the laches issue, albeit concisely, by identifying the proper legal standard and briefly laying out why both prongs were satisfied. *See* Stay-Add-571-574. Neither Masimo nor the Commission identified a decision finding waiver under remotely similar circumstances. *E.g.*, Stay-Add-8-9 (Commission decision citing three cases where party waived by failing to raise issue in any way).

The equities also weigh strongly in favor of a stay. Apple will lose goodwill and suffer reputational damage from being unable to provide U.S. consumers with its newest flagship Apple Watch products. *See Celsis In Vitro v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) ("loss of goodwill" and "damage to reputation" are irreparable harm). Barring the accused Apple Watches from importation and

sale ill-serves the public, as it deprives consumers of a product with potentially lifesaving features, researchers of a critical tool for medical research, and the broader economy of a device that supports hundreds of thousands of jobs and fosters innovation. Finally, Masimo will not suffer any cognizable harm, as it does not sell a competing product in the United States in any meaningful quantities (if at all).

Tellingly, the Commission's decision acknowledged that Masimo would not suffer any significant monetary harm from a stay. Stay-Add-12-13. Instead, the Commission rested its equities ruling primarily on two grounds: (1) Apple had not prevented specific evidence regarding the potential reputational harm and the loss of goodwill and (2) both Masimo and the public have an interest in the enforcement of intellectual property rights. Stay-Add-11-14. As to the former, this Court's case law has not required direct evidence to support the common-sense point that placing an obstacle in the way of a company's ability to sell one of its most popular products will have unpredictable deleterious consequences. *See Metalcraft of Maryville, Inc. v. Toro Co.*, 848 F.3d 1358, 1368 (Fed. Cir. 2017). And as to the latter, the Commission's reasoning both proves too much (if taken seriously, a purported infringer could never receive a stay pending appeal) and is outweighed by the strength of the public interest in continued access to Apple's flagship Watch products.

2. Beyond the reasons discussed above, an interim stay is warranted in light of parallel proceedings before the Exclusion Order Enforcement Branch of U.S. Customs and Border Protection. One day after the Orders issued, Apple filed a request for an administrative ruling under 19 C.F.R. Part 177 that certain Apple redesigned Watch products are not subject to exclusion from entry into the United States. Specifically, the Commission's decisions found that Apple Watch has only a single infringing feature—one that measures the wearer's blood oxygen levels. The redesign redesign details , negating any colorable infringement argument going forward and placing the redesigned products outside the scope of the remedial orders. Although Apple proposed a briefing schedule that would have resulted in a ruling on this issue by no later than December 19, 2023, the decision is currently scheduled to be released on January 12, 2024—almost three weeks after the Orders go into effect.

Given this timing, an interim stay could make the difference between Apple having to completely remove the accused Apple Watch products from the market for approximately a three-week period before Customs issues its ruling and Apple being able to largely continue business as usual with an indisputably non-infringing product. This Court has previously granted a partial stay in light of the availability of a redesigned, non-infringing product. *See Cisco Systems, Inc., v. ITC*, No. 17-2289, ECF No. 57 at 3 (Sept. 22, 2017) (ordering that "the product redesign … must

be permitted to enter the country without being blocked by the Commission order under review"). Apple respectfully submits that the Court take a comparable action here.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court enter an immediate interim stay pending the disposition of Apple's Stay Motion.

Respectfully submitted,

/s/ Mark D. Selwyn

| | |
|---|---|
| JOSEPH J. MUELLER | MARK D. SELWYN |
| SARAH R. FRAZIER | THOMAS G. SPRANKLING |
| WILMER CUTLER PICKERING | WILMER CUTLER PICKERING |
|    HALE AND DORR LLP |    HALE AND DORR LLP |
| 60 State Street | 2600 El Camino Real, Suite 400 |
| Boston, MA  02109 | Palo Alto, CA  94306 |
| (617) 526-6000 | (650) 858-6000 |
| | |
| DAVID P. YIN | DEREK GOSMA |
| WILMER CUTLER PICKERING | WILMER CUTLER PICKERING |
|    HALE AND DORR LLP |    HALE AND DORR LLP |
| 2100 Pennsylvania Avenue NW | 350 S. Grand Avenue, Suite 2400 |
| Washington DC  20037 | Los Angeles, CA  90071 |
| (202) 663-6000 | (213) 443-5300 |

*Attorneys for Appellant Apple Inc.*

December 26, 2023

# CERTIFICATE OF INTEREST

Counsel for Appellant Apple Inc. certifies the following:

**1.     Represented Entities**.  Fed. Cir. R. 47.4(a)(1).  Provide the full names of all entities represented by undersigned counsel in this case.

Apple Inc.

**2.     Real Party in Interest**.  Fed. Cir. R. 47.4(a)(2).  Provide the full names of all real parties in interest for the entities.  Do not list the real parties if they are the same as the entities.

None.

**3.     Parent Corporations and Stockholders**.  Fed. Cir. R. 47.4(a)(3).  Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

None.

**4.     Legal Representatives**.  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

WILMER CUTLER PICKERING HALE AND DORR LLP:  Mark D. Selwyn, Joseph J. Mueller, Sarah D. Frazier, Thomas G. Sprankling, Derek Gosma, David P. Yin, Michael D. Esch, David L. Cavanaugh, Richard Goldenberg

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

[X] Yes (file separate notice; see below)   [ ] No   [ ] N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  Please do not duplicate information.  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

Notice will be filed immediately after case is docketed.

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

None.

Dated: December 26, 2023

/s/ Mark D. Selwyn
MARK D. SELWYN
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
(650) 858-6000

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of December, 2023, I caused Appellant Apple Inc.'s Emergency Motion for an Immediate Interim Stay Pending Disposition of Motion for Stay Pending Appeal to be served via email (with written consent) to counsel for the International Trade Commission and Masimo Corporation and Cercacor Laboratories, Inc. at the following email addresses:

| | |
|---|---|
| **Office of the General Counsel** <br> **U.S. International Trade Commission** <br> ronald.traud@usitc.gov <br> Houda.Morad@usitc.gov <br> Wayne.Herrington@usitc.gov <br> Michelle.Klancnik@usitc.gov <br> Sara.Caniglia@usitc.gov <br> Dominic.Bianci@usitc.gov | **Counsel for Masimo Corporation and** <br> **Cercacor Laboratories, Inc.** <br> Masimo.AppleITC@knobbe.com. |

                                                                   /s/ Mark D. Selwyn
                                                                   MARK D. SELWYN
                                                                   WILMER CUTLER PICKERING
                                                                       HALE AND DORR LLP
                                                                 2600 El Camino Real, Suite 400
                                                                 Palo Alto, CA 94306
                                                                 (650) 858-6000

## CERTIFICATE OF CONFIDENTIAL MATERIAL

The foregoing document contains 14 number of unique words (including numbers) marked confidential.

| X | This number does not exceed the maximum of 15 words permitted by Fed. Cir. R. 25.1(d)(1)(A). |
|---|---|
| ☐ | This number does not exceed the maximum of 50 words permitted by Fed. Cir. R. 25.1(d)(1)(B) for cases under 19 U.S.C. §1516a or 28 U.S.C. §1491(b). |
| ☐ | This number exceeds the maximum permitted by Federal Circuit Rule 25.1(d)(1), and the filing is accompanied by a motion to waive the confidentiality requirements. |

/s/ Mark D. Selwyn
MARK D. SELWYN
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA  94306
(650) 858-6000

December 26, 2023

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because:

1.　The filing has been prepared using a proportionally-spaced typeface and includes 1,789 words.

2.　The filing has been prepared using Microsoft Word for Office 365 in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

December 26, 2023

/s/ Mark D. Selwyn
MARK D. SELWYN
WILMER CUTLER PICKERING
　HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
(650) 858-6000