Office of the General Counsel



## UNITED STATES INTERNATIONAL TRADE COMMISSION

December 26, 2023

The Honorable Jarrett B. Perlow
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

**Re**: *Apple Inc. v. ITC*, No. 24-1285

Dear Mr. Perlow:

  This letter concerns Appellant Apple Inc.'s appeal filed on December 26, 2023, from a final determination of the International Trade Commission in Investigation No. 337-TA-1276, and in particular, two motions filed concurrently therewith: (1) a motion to stay the Commission's remedial orders pending appeal (ECF 7), and (2) a motion for an interim stay of those orders pending this Court's ruling on the motion to stay (ECF 5). The Commission opposes both motions. Because Ronald Traud, the primary attorney advising the Commission during the investigation and the Commission's principal attorney in the present appeal, is currently on leave through January 2, 2024, the Commission respectfully requests that the Court decline to shorten the time for the Commission's response to Apple's motion for an interim stay. Consequently, the Commission's response to the motion for an interim stay would be due on January 5, 2024, in accordance with the regular motion practice schedule. *See* Fed. R. App. P. 27(a)(3)(A).

  With respect to Apple's motion for a stay pending appeal, the Commission respectfully requests a five-day extension from January 5, 2024, to January 10, 2024, to file its response in order to provide the principal attorney time to review and respond to that motion. *See* Fed. Cir. R. 26(b)(2). The Commission further requests that the same response schedule be provided for the Proposed Intervenors,[1] as is this Court's customary practice. This letter has been filed at least seven days before the due date, and this is the Commission's first request for an extension. *See* Fed. Cir. R. 26(b)(1). The Commission has met and conferred with Apple who opposes the

---

[1] Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Proposed Intervenors"), who were the respondents in the underlying Commission investigation, have indicated that they intend to intervene in the present appeal and that they support the Commission's requested relief.

The Honorable Jarrett B. Perlow
December 26, 2023
Page 2

Commission's requested relief with respect to the motion for an interim stay but does not oppose a reasonable extension with respect to the motion for a stay pending appeal.

Importantly, an interim stay is not warranted in this case. First, Apple's motion for an interim stay fails to establish a likelihood of success on the merits given that Apple raises no genuine legal issues but essentially requests that the Court reweigh the evidence with respect to the Commission's factual findings on invalidity and domestic industry. Second, there is no immediate irreparable harm to Apple that would require an interim stay or a shortened response period for Apple's motions. The Commission's remedial orders do not affect all Apple Watch products, but only those that include a light-based pulse oximetry feature, *i.e.*, a feature for measuring the oxygen level in the blood. Non-infringing Apple watches have been and will continue to be allowed entry into the United States even after the Commission orders went into effect on October 27, 2023, and Apple was allowed to import the infringing products without posting any bond during the two-month period of Presidential review (which just expired on December 25, 2023). Moreover, Apple has an extensive suite of product offerings beyond just Apple Watches. Nor is it relevant to the interim stay that Apple has currently pending before Customs a non-infringement claim as to redesigned products. That forthcoming Customs decision on the redesigns has no bearing on the status of the infringing Apple Watch products, and in fact, a favorable decision by Customs would further undermine any assertion of irreparable harm.

Apple relies on *Allergan*, among other cases, to support its request for an interim stay, but the facts here differ considerably from that case. The *Allergan* case implicated the movant's (Evolus) entire business in the United States. *See* ECF 6-1, Stay Mot. at 20-21, *Allergan Ltd. v. ITC*, Appeal No. 21-1653 (Fed. Cir. Feb. 13, 2021). Thus, in contrast to the present case, absent a stay and an interim stay, the entire existence of the movant's business was threatened in *Allergan*. *See id.* at 20 n.7; *see also Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 515 (Fed. Cir. 1990) (granting a stay where the asserted irreparable harm included "employee layoffs, immediate insolvency, and, possibly, extinction"). The Court also imposed a bond for the duration of the interim stay in *Allergan*, thereby minimizing any prejudice to other parties from the stay of the Commission's remedial orders. *See* ECF 24, Order at 3, *Allergan Ltd. v. ITC*, Appeal No. 21-1653 (Fed. Cir. Feb. 16, 2021); *see also Standard Havens*, 897 F.2d at 516 (ordering appellant to establish an escrow account and to contribute a set amount for each unit sold during the appeal). Apple makes no such attempt to minimize prejudice here. For at least these reasons, Apple's motion for an interim stay should be denied.

                                        Sincerely,

                                        /s/ Houda Morad
                                        Houda Morad
                                        Attorney for Appellee
                                        International Trade Commission

cc:       Counsel of record (via ECF)