**WILMERHALE**

December 27, 2023

**Mark D. Selwyn**

+1 650 858 6031 (t)
+1 650 858 6100 (f)
mark.selwyn@wilmerhale.com

The Honorable Jarrett B. Perlow
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

Re:  *Apple Inc. v. ITC*, No. 24-1285

I write in response to the letters filed yesterday by Appellee International Trade Commission and Proposed Intervenors Masimo Corporation and Cercacor Laboratories Inc. (collectively, "Masimo").  *See* Dkts. 10, 15.

**1.**  Respectfully, the Commission's proposal to wait ten days before responding to Apple's request for immediate relief would vitiate the purpose of interim relief.  Tellingly, neither the Commission nor Masimo disputes that this Court has granted a request for immediate relief in a comparable ITC proceeding less than 72 hours after it was filed.  *See Allergan Limited v. ITC*, No. 21-1653, ECF No. 23, 24 at 3 (Feb. 15-16, 2021) ("The motion for an interim stay is granted to the extent that the Remedial Orders are temporarily stayed and the government is directed not to enforce the Remedial Orders until further notice[.]").

Masimo does not even attempt to distinguish *Allergan*, and the Commission's efforts to do so are unavailing.  **First,** the Commission argues that the harm suffered by the *Allergan* movant in the absence of a stay was greater than the harm Apple will suffer here.  Dkt. 10 at 2.  But that directly contradicts the position the Commission took in *Allergan* itself.  *Allergan*, No. 21-1653, ECF No. 14 at 14 (arguing that *Allergan* movant did not identify any "irreparable harm that would be caused without an interim stay").  In any event, as Apple's pending motions explain, Apple will suffer continuing irreparable harm to its reputation and goodwill if it is barred from importing and selling its flagship Apple Watch products with pulse oximetry.  Dkt. 5 at 6-7, Dkt. 7 at 18-20.[1]

The U.S. Customs office has targeted January 12 as the date for a ruling on Apple's proposed redesign, Dkt. 5 at 8-9—i.e., ***two days*** after January 10, the date that the Commission has stated is the earliest it can file its opposition to Apple's motion to stay pending appeal.  Given that timing, a stay could make the difference between Apple having to completely remove the covered Watch models from the market for a period spanning nearly three weeks and Apple being able to continue to import those models in a redesigned form.

**Second,** the Commission contends that *Allergan* is distinguishable because Apple "ma[de] no … attempt to minimize prejudice" to "other parties" (presumably Masimo) by requesting that

---

[1] The Commission's suggestion that its orders are not truly significant because they do not bar importation/sale of *every* Apple product *(*or of one older model of Watch) is in tension with Masimo's letter, which shows that the ban made national news.  *Compare* Dkt. 10 at 2 *with* Dkt. 15 at 1 (citing CNN article).

WilmerHale

December 27, 2023
Page 2

this Court order a bond. Dkt. 10 at 2. But the Commission itself "determined that the bond during the period of Presidential review shall be in the amount of zero percent (0%, i.e., no bond)," Dkt 7, at Stay-Add-153, so it is unclear why the Commission now faults Apple for not requesting this Court order Apple to post a bond. Further, the Commission diverges from the *Allergan* record, as the *Allergan* movant argued that no bond was necessary because "Allergan has conceded it suffers no material harm" from a stay. *Allergan*, No. 21-1653, ECF No. 21 at 9. The argument for no bond is all the stronger here, where Masimo has also been unable to identify any monetary harm it will suffer from a stay, Dkt. 7 at 20-21.[2] Indeed, Masimo has filed a district court case seeking monetary damages from Apple on the same patents for which the Commission found a violation, giving Masimo the ability to receive compensation for any infringement (although, as Apple will demonstrate in the merits appeal, there is none).

**2.** Masimo's chief argument is that there is no emergency warranting a stay because Apple did not inform the Court that it halted sales of its flagship Watch products shortly before the Commission's Orders went into effect. Dkt. 15 at 1. Masimo is wrong, as Apple noted that its "flagship Watch products … were on the market as recently as last week." Dkt. 7 at 3; *see also* Dkt. 5 at 3. More fundamentally, Masimo's argument is a non-sequitur: that Apple is not selling these products now ***shows*** the harm to Apple rather than disproves the harm. Apple ceased sale of the covered Watches to ensure compliance with the Commission's Orders. Apple's last day of in-store sales of the covered Watches was December 24, 2023—i.e., the last day the Apple Store was open in the United States before the Orders took full effect. Apple stopped allowing customers to place online orders even earlier to make sure it could complete deliveries before the deadline.

In short, Apple has done everything in its power to both respect the Commission's Orders (by removing covered Watches from the market in advance of the Orders taking effect) while vigorously pursuing injunctive relief (filing the interim stay motion at 8:30am on the first day it was permitted to do so under this Court's precedent). It is another non-sequitur for Masimo to suggest that Apple's compliance with the Commission's orders means Apple will not suffer irreparable harm absent a stay. Taking Masimo's argument to its logical conclusion would mean that Apple—or any other ITC respondent—would have to defy the Commission and federal law by continuing to sell a product in violation of the Commission's Orders to receive prompt injunctive relief. That cannot be right.

---

[2] The Commission also argues in a single sentence that Apple is unlikely to succeed on the merits because the issues raised in its brief all require factual analysis. Dkt. 10 at 2. Even accepting this characterization (which is wrong), the Commission cites no authority suggesting the *Standard Havens* test cannot be met by showing a likelihood of prevailing on a mixed question of law and fact. Indeed, *Standard Havens* involved a quintessential factual determination—whether a piece of prior art mapped on to the asserted claims. *Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511, 514 (Fed. Cir. 1990).

WILMERHALE

December 27, 2023
Page 3

      Again, at a bare minimum, there should be an interim stay pending the Customs decision on Apple's redesigned Watches; that decision is currently scheduled to issue on January 12.

Respectfully submitted,

/s/ Mark D. Selwyn
Mark D. Selwyn
Counsel for Apple Inc.

cc: Counsel of record (via ECF)