2024-1285

# United States Court of Appeals for the Federal Circuit

APPLE INC.,

*Appellant*

v.

INTERNATIONAL TRADE COMMISSION,

*Appellee*

MASIMO CORPORATION, CERCACOR LABORATORIES, INC.,

*Intervenors*

Appeal from the United States International Trade Commission in Investigation No. 337-TA-1276

**REPLY BRIEF OF ACT | THE APP ASSOCIATION, CHAMBER OF PROGRESS, NETCHOICE, AND TECHNET IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF APPELLANT**

Tara L. Kurtis
PERKINS COIE LLP
110 N. Wacker Drive, Suite 3400
Chicago, Illinois 60606
Phone:  (312) 324–8607
E-mail: TKurtis@perkinscoie.com

Amanda Tessar
PERKINS COIE LLP
1900 Sixteenth St., Suite 1400
Denver, Colorado 80202
Phone:  (303) 291–2357
E-mail:  ATessar@perkinscoie.com

**COUNSEL FOR *AMICI CURIAE***

April 29, 2024

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................... 1

ARGUMENT .......................................................................................................... 1

    I.     Amici Are Not Apple's Puppets ............................................................ 1

    II.    Masimo's Complaint That Amici Should Have Said More About Apple's Positions And The Record Makes No Sense .......................... 7

    III.   Masimo's Merits Arguments Have No Bearing On The Pending Motion For Leave ................................................................................ 8

CONCLUSION ....................................................................................................... 8

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*AliveCor Inc. v. ITC*,
   No. 23-1509 (Fed. Cir. Mar. 8, 2024) .................................................................6

*Doe v. Twitter, Inc.*,
   No. 22-15103 (9th Cir. June 10, 2022) ...............................................................4

*Epic Games Inc. v. Apple. Inc.*,
   No. 21-16506 (9th Cir. Nov. 30, 2021) ...............................................................5

*Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*,
   No. 21-2106 (Fed. Cir. Oct. 21, 2021) ................................................................4

*Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*,
   149 F.R.D. 65 (D.N.J. 1993) ...............................................................................5

*Neonatology Associates, P.A. v. Comm'r*,
   293 F.3d 128 (3rd Cir. 2002) ..........................................................................4, 5

*Yip v. Pagano*,
   606 F. Supp. 1566 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3d Cir. 1986) ...............................................................................................................5

**OTHER AUTHORITIES**

Luther T. Munford, *When Does the Curiae Need An Amicus?*, 1 J. APP. PRAC. & PROCESS 279 (1999) ...................................................................7

INTRODUCTION

To present their common views and concerns about the impact of the ITC's ruling, four separate amici joined together to submit a single, short brief. Those four amici, ACT | The App Association ("ACT"), Chamber of Progress, NetChoice, and TechNet, collectively represent thousands of member companies across a broad range of industries, including high-tech, manufacturing, automotive, pharmaceutical, financial, and telecommunications. These four organizations' members range from the smallest of start-up companies to the largest and most successful companies in the world, both domestic and foreign.

Neither Appellant nor Appellee opposed amici's motion for leave. But Intervenors Masimo Corporation and Ceracor Laboratories, Inc. (collectively, "Masimo") did not like what amici had to say and so took a different tack, presenting three arguments urging denial of amici's motion for leave. None holds water.

ARGUMENT

I. **Amici Are Not Apple's Puppets**

Masimo paints all four amici as surrogates for Apple, relying on outdated, inaccurate, hearsay-within-hearsay-within-hearsay articles and blogs relating almost entirely to only one of the amici, ACT. Masimo even goes so far as to suggest that Apple used amici to gain extra words for its merits briefing in this appeal. Opp. at 8 ("Permitting this proposed amicus brief allows Apple to circumvent the page and

word limits of Fed. Cir. R. 32(b)(1) and make a mockery of the amicus procedure."). These allegations are incorrect.

First, Apple had no involvement in the preparation of amici's brief. Amici unequivocally said so in their motion for leave and in their proposed brief. ACT | The App Association, Chamber of Progress, NetChoice, and TechNet Mot. for Leave to File Brief as *Amici Curiae* in Support of Appellant at 4, n.1 (Apr. 12, 2024), ECF No. 41-1; Br. of ACT | The App Association, Chamber of Progress, NetChoice, and TechNet as *Amici Curiae* in Support of Appellant at vi, n.1 (Apr. 12, 2024), ECF No. 41-2. Amici and their counsel prepared their own brief without input from Apple.

Moreover, Apple does not "control" any of the amici organizations, as Masimo posits. All four amici have many participants. *See, e.g.*, ACT | The App Association, *Membership*, https://actonline.org/membership/ (last visited Apr. 28, 2024) (listing sponsors other than Apple, including Amazon, Continental, Intel, Verisign, and Verizon, for thousands of small and medium-sized technology companies represented by ACT); Chamber of Progress, *Partners*, https://progresschamber.org/partners/ (last visited Apr. 28, 2024) (listing nearly three dozen corporate partners, including Google, Intuit, Instacart, and Uber); NetChoice, *Association Members*, https://netchoice.org/about/#association-members (last visited Apr. 28,

2024) (listing dozens of members, including eBay, Expedia, Lyft, PayPal, and Yahoo! as members);[1] TechNet, *Members*, https://technet.org/our-story/members/ (last visited Apr. 28, 2024) (listing almost 100 corporate members, including Cisco, Deloitte, Garmin, HP, Samsung, and Zoom).

While each organization has its own decision-making process, it is uniformly true that no single member dictates, or can single-handedly veto, its organization's positions and decisions. *See, e.g.* Chamber of Progress, *Partners*, https://progress-chamber.org/partners/ (last visited Apr. 28, 2024) ("No partner companies sit on our board of directors or have a vote on our work."). Amici do not speak for their individual members, but instead represent the collective views of their constituents—and they do so to advance the missions and objectives of their respective organizations and industries.

This point is borne out by the fact that most of the amicus here routinely submit briefs on a host of topics, sometimes relating to the ITC and sometimes not, and in cases sometimes involving Apple and sometimes not. *See, e.g.*, Brief for *Amicus*

---

[1] Apple is not a member of NetChoice. *See* NetChoice, *Association Members*, https://netchoice.org/about/#association-members (last visited Apr. 28, 2024) (Apple not listed as member). Amici have no correction to make to their Rule 29(a)(3)(E) disclosure, although they do wish to make clear that the reference to "member dues" in their disclosure should be understood to refer to any of "member," "sponsor," or "partner" dues (depending on how each organization classifies its "member dues"). Additionally, to be even more clear, Apple does not contribute towards NetChoice's amicus advocacy initiatives.

*Curiae* ACT | The App Association in Support of Appellant, *Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*, No. 21-2106 (Fed. Cir. Oct. 21, 2021), ECF No. 33 (ACT amicus brief in appeal from district court case not involving Apple); Brief of *Amici Curiae* Chamber of Progress and NetChoice LLC in Support of Twitter Inc., *Doe v. Twitter, Inc.*, No. 22-15103 (9th Cir. June 10, 2022), ECF No. 27 (Chamber of Progress and NetChoice amicus brief in appeal from district court case not involving Apple). The four proposed amici have, collectively, filed dozens of amicus briefs—and this is the first one that TechNet has ever filed in an appeal involving Apple. As here, Apple does not determine when amici submit (or do not submit) briefs or the topics presented in such briefs—each amicus makes those decisions for itself on behalf of all of its members. Far from Masimo's insinuation, amici do not robotically or mechanically file briefs or support Apple in every case in which Apple is a party.

Masimo suggests that amici's agreement with Apple in this appeal—i.e., that the ITC went too far in relaxing the domestic industry requirement and that the ruling may have broad impact—makes their views suspect or biased. In fact, amici's agreement with Apple shows that, at least on this particular issue, Apple's view prevails across a wide variety of technology sectors, including among companies that directly compete with Apple. If that were not the case, amici could not have come together with a single voice on this issue. *See, e.g.*, *Neonatology Associates, P.A. v. Comm'r*,

293 F.3d 128, 131-32 (3rd Cir. 2002) ("[A]n amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend."; "The argument that an amicus cannot be a person who has 'a pecuniary interest in the outcome' also flies in the face of current appellate practice.").[2]

Masimo cannot and does not identify a single instance in which this Court denied leave to file an amicus brief under Rule 29 for substantive reasons, such as alleged bias. Instead, it points to a pair of non-binding, district court cases to support its view. Opp. at 6. But it omits that both cases started from the premise—inapplicable here—that "[a]t the trial level … the aid of *amicus curiae* may be less appropriate than at the appellate level where such participation has become standard procedure." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993) (cleaned up); *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3d Cir. 1986).[3] By contrast, in the appellate context, "it is preferable to err on the side of granting leave." *Neonatology*, 293 F.3d at 133.

---

[2] Amici did so efficiently, using far fewer than the number of words permitted: only 3,246. If amici's goal had been to buy Apple extra words (which it was not), they could have submitted four separate briefs of up to 7,000-words each. Instead, amici joined together to submit a single brief that presents their collective views.

[3] Masimo also cites two cases involving Apple, neither of which is relevant here. *Epic Games Inc. v. Apple. Inc.* is an out-of-circuit decision denying leave to file an amicus brief where the trial court had already found that the appellant, Epic, had single-handedly created and controlled the amicus. Response to Motion for Leave to File Amicus Brief at 2, *Epic Games Inc. v. Apple. Inc.*, No. 21-16506 (9th Cir.

Masimo also focused its attacks almost exclusively on ACT, alleging that ACT is the "lead proposed amicus." Opp. at 1. Preliminarily, Masimo's attacks on ACT are tenuous, at best. Exhibit 3 to Masimo's Opposition, for instance, is an "Ars Technica" article that begins by quoting from a Bloomberg article that, in turn, falsely attributes its information to unidentified former employees. For other "facts," Masimo cites, for instance, various industry blogs (*e.g.*, Exhibits 6-8) riddled with multiple layers of inaccurate hearsay and mistakes. These misleading sources do not discredit ACT's, or any of the amici's, positions. In evaluating this issue, moreover, it is noteworthy that ACT has been advocating on patent law policy issues for more than two decades, including for many years before Apple even launched its first iPhone. In other words, the types of positions that ACT supports in the proposed brief are not new for the organization.

Perhaps more importantly, Masimo's attacks lump together and categorize amici in a way that they did not themselves and with which they do not agree. To be clear, the four amici listed themselves in ***alphabetical*** order. None is the "lead." All are equal, and all support the brief. Nothing that Masimo has argued can or does

---

Nov. 30, 2021), ECF No. 24-1. There is no such finding here by the trial court, much less admissible evidence to support Masimo's allegations. In Masimo's other cited case, *AliveCor Inc. v. ITC*, Apple did not oppose any motions for leave to file an amicus brief; the cited language came from Apple's merits brief in the underlying appeal. Non-Confidential Reply Brief of Intervenor-Cross-Appellant Apple Inc. at 32 n.5, No. 23-1509 (Fed. Cir. Mar. 8, 2024), ECF No. 93.

undermine the breadth of the industry perspectives that amici provide here.

## II. Masimo's Complaint That Amici Should Have Said More About Apple's Positions And The Record Makes No Sense

Inconsistent with its position that amici would support Apple no matter what, Masimo next argues that amici's motion should be denied because they did not spend enough time arguing about the specifics of the record in this case and Apple's positions before the ITC. Opp. at 2, 8-9. Without a single citation to support this view, Masimo implies that it is improper for amici to express their views about the issues presented and their impact beyond the single case on appeal. But that is what almost every amicus brief does. *See, e.g.*, Luther T. Munford, *When Does the Curiae Need An Amicus?*, 1 J. APP. PRAC. & PROCESS 279, 281 (1999) (noting that amici often "argue points deemed too far-reaching for emphasis by a party intent on winning a particular case," while "others explain the impact a potential holding might have on an industry or other group"). There is nothing strange or improper about that.

If the Court accepted Masimo's inconsistent approach to amicus briefs here, amici could almost never submit briefs. According to Masimo, an amicus cannot submit a brief if its interests align too closely with those of a party, but neither can an amicus submit a brief to support its own interests or explain any impact beyond the parties to the underlying case. The net effect of Masimo's arguments, if accepted, would be to silence almost all amici. That cannot be right.

## III. Masimo's Merits Arguments Have No Bearing On The Pending Motion For Leave

Masimo's third argument for rejecting amici's brief is just a dispute over the merits of amici's arguments. For instance, Masimo disagrees with amici's view that the ITC has relaxed the domestic industry requirement over time (Opp. at 10), disagrees that the decision here was a "significan[t]" one (*id.* at 9-10), and disagrees that this decision will harm start-ups (*id.* at 10). Such merits debates belong in Masimo's response brief in the underlying appeal, not in opposition to a motion for leave. Indeed, it appears that Masimo—not amici—is the party trying to gain extra words on its merits arguments through its submission here.

### Conclusion

Motions for leave to file amici briefs are routinely granted in this Court. Amici here represent the interests of all of their members. Amici did not file their brief to advocate for any one party, but instead to advocate for a fair and just approach to ITC investigations for all of their members. Amici's motion for leave should be granted.

Respectfully submitted,

PERKINS COIE LLP

<u>/s/ Amanda Tessar</u>
Amanda Tessar

**COUNSEL FOR AMICI CURIAE
ACT | THE APP ASSOCIATION, CHAMBER OF PROGRESS, NETCHOICE, AND TECHNET**

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C). Excluding the portions exempted by rule, the brief contains 1,972 words as counted by the word-processing software used to prepare it.

2. This brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6). The brief has been prepared in a proportionally spaced typeface using Microsoft® Word and 14-point Times New Roman type.

Dated: April 29, 2024                                    /s/ Amanda Tessar
                                                        Amanda Tessar