No. 2024-1285

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

APPLE INC.,

*Appellant*,

v.

INTERNATIONAL TRADE COMMISSION,

*Appellee*,

MASIMO CORPORATION, CERCACOR LABORATORIES, INC.,

*Intervenors*,

On Appeal from the United States International Trade Commission
in Investigation No. 337-TA-1276

**APPELLANT APPLE INC.'S RESPONSE TO APPELLEE INTERNATIONAL TRADE COMMISSION'S AND INTERVENORS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S MOTION FOR AN EXTENSION OF TIME TO FILE RESPONSE BRIEFS**

JOSEPH J. MUELLER
SARAH R. FRAZIER
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

DAVID P. YIN
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington DC  20037
(202) 663-6000

MARK D. SELWYN
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA  94306
(650) 858-6000

DEREK GOSMA
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 S. Grand Avenue, Suite 2400
Los Angeles, CA  90071
(213) 443-5300

May 3, 2024                                          *Attorneys for Appellant Apple Inc.*

As Appellant Apple Inc. informed Appellee International Trade Commission ("Commission") and Intervenors Masimo Corporation and Cercacor Laboratories Inc. ("Masimo") yesterday, Apple does not oppose their motion for a 44-day extension of time to file their response briefs, from May 15, 2024 to June 28, 2024—provided those parties do not later oppose Apple's planned motion to expedite oral argument.  Apple made that offer even though the Commission and Masimo had failed to provide specific and concrete grounds supporting their request.  Notwithstanding that failure, as a professional courtesy to the other parties—and in the interest of ensuring all sides have the necessary time to fully brief the issues before the Court—Apple does not oppose the extension.  At the same time, any extensions on briefing should not prejudice Apple's planned request to expedite oral argument.

As Apple explained at length in its briefing in support of its motion for an emergency stay pending appeal (Stay Br. 18-23, Reply Br. 9-11), the ITC's current remedial orders preclude Apple from selling Apple Watch with pulse oximetry, thereby depriving U.S. consumers of the health, wellness, and safety benefits associated with being able to measure their blood oxygen on demand.  As Apple has explained in its opening brief, Apple believes that there are very serious flaws in the Commission opinion that require its reversal and vacatur.  Accordingly, this matter warrants an expedient resolution to return this important health-and-wellness feature to consumers and researchers.

Notwithstanding the need for expedient resolution, Apple apprised both Masimo and the Commission that it would consent to a reasonable extension based on professional conflicts as a matter of courtesy. Yet neither Masimo nor the Commission provided any concrete information about such professional conflicts to support the 44-day extension sought here. Indeed, the declarations attached to the motion fail to identify the dates of any conflicts, which parties routinely provide in support of such requests. Mr. Re's declaration merely includes a list of cases in which Mr. Re and/or his colleagues are involved, without reference to any specific deadlines. Re Decl. ¶2. Likewise, Mr. Traud's declaration references a planned vacation without identifying the dates on which he will be traveling or explaining why a planned vacation would necessitate a 44-day extension. Traud Decl. ¶3.

Even in the absence of the most basic information supporting an extension of time, Apple offered to consent to the proposed extension if Masimo and the Commission would agree not to oppose Apple's forthcoming motion for expedited setting of oral argument. But again, Masimo and the Commission rejected that offer, explaining only that other unspecified conflicts could arise that would cause them to oppose such a motion.

## CONCLUSION

In short, Apple submits that the public interest implications and strength of Apple's merits arguments warrant expeditious resolution of the present appeal.

Apple requests that any extension in the briefing schedule not be held against it when it later seeks expedited oral argument.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Mark D. Selwyn |
| JOSEPH J. MUELLER | MARK D. SELWYN |
| SARAH R. FRAZIER | THOMAS G. SPRANKLING |
| WILMER CUTLER PICKERING | WILMER CUTLER PICKERING |
|    HALE AND DORR LLP |    HALE AND DORR LLP |
| 60 State Street | 2600 El Camino Real, Suite 400 |
| Boston, MA  02109 | Palo Alto, CA  94306 |
| (617) 526-6000 | (650) 858-6000 |
|  |  |
| DAVID P. YIN | DEREK GOSMA |
| WILMER CUTLER PICKERING | WILMER CUTLER PICKERING |
|    HALE AND DORR LLP |    HALE AND DORR LLP |
| 2100 Pennsylvania Avenue NW | 350 S. Grand Avenue, Suite 2400 |
| Washington DC  20037 | Los Angeles, CA  90071 |
| (202) 663-6000 | (213) 443-5300 |
|  |  |
|  | *Attorneys for Appellant Apple Inc.* |

May 3, 2024

# CERTIFICATE OF INTEREST

Counsel for Appellant Apple Inc. certifies the following:

**1.    Represented Entities**. Fed. Cir. R. 47.4(a)(1). Provide the full names of all entities represented by undersigned counsel in this case.

Apple Inc.

**2.    Real Party in Interest**. Fed. Cir. R. 47.4(a)(2). Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

None.

**3.    Parent Corporations and Stockholders**. Fed. Cir. R. 47.4(a)(3). Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

None.

**4.    Legal Representatives**. List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

**WILMER CUTLER PICKERING HALE AND DORR LLP:** Brittany Blueitt Amadi, Thomas Anderson, James Bor-Zale, Alison Burton, David L. Cavanaugh, Jennifer Charlton (former), Jonathan A. Cox, Ravi Deol, Kim Do, Laura Donovan, Sydney Donovan, Michael Esch (former), Nina Garcia, Richard Goldenberg (former), David Gringer, Vikram Iyer, Brian Jacobsmeyer (former), Julius Jefferson (former), Rauvin Johl, Jennifer John (former), Joshua Lerner, James Lyons, Lauren Mandell, Courtney Merrill, Zach Nemtzow, Henry Nikogosyan, Richard W. O'Neill, Nora Q.E. Passamaneck, Allison Que, David Ross, Cristina Salcedo, Hannah Santasawatkul, Emily Scherker, Michaela P. Sewall, Labdhi Sheth, Linda Sun (former), Jose Valenzuela, Cynthia D. Vreeland, Yifan (Ivan) Wang, Amy K. Wigmore

**FISH & RICHARDSON P.C.:** Michael Amon, Benjamin Elacqua, Scott Flanz

**GIBSON, DUNN & CRUTCHER LLP:** Brian Andrea (former), David Brzozowski, Mark Lyon (former)

**POLSINELLI LAW FIRM:** Deanna Okum, Sean Wesp

**WEIL, GOTSHAL & MANGES LLP:** Mark Perry

**5. Related Cases**. Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

[X] Yes (file separate notice; see below)   [ ] No   [ ] N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). Please do not duplicate information. This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

Already filed.

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

None.

Dated: May 3, 2024

/s/ Mark D. Sewlyn
MARK D. SELWYN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
(650) 858-6000

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because:

1. The filing has been prepared using a proportionally-spaced typeface and includes 485 words.

2. The filing has been prepared using Microsoft Word for Office 365 in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

/s/ Mark D. Selwyn
MARK D. SELWYN
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA  94306
(650) 858-6000

May 3, 2024