No. 24-1285

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

APPLE INC.,

*Appellants,*

v.

INTERNATIONAL TRADE COMMISSION,

*Appellee,*

AND

MASIMO CORPORATION, CERCACOR LABORATORIES, INC.,

*Intervenors.*

Appeal from the United States International Trade Commission,
Investigation No. 337-TA-1276

## APPELLEE INTERNATIONAL TRADE COMMISSION'S OPPOSITION TO APPELLANT'S MOTION TO EXPEDITE ORAL ARGUMENT

DOMINIC L. BIANCHI
General Counsel
Telephone (202) 205-3061

RONALD A. TRAUD
Attorney Advisor
Telephone (202) 205-3427

HOUDA MORAD
Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone (202) 708-4716

Dated:  August 15, 2024

Appellee International Trade Commission ("the Commission") respectfully opposes Appellant Apple Inc.'s ("Apple") motion to expedite oral argument. ECF 68. Apple provides no adequate reason to support its request for exceptional treatment in the present appeal.

Apple does not assert any imminent or irreparable harm to its business or reputation. Indeed, by Apple's own admission, its redesigned watches include "hundreds of features" except for the infringing blood oxygen feature, and as this Court recognized, the redesigned watches are not subject to the Commission's remedial orders.[1] ECF 68 at 2; ECF 33 at 2.

Nor can Apple allege harm on behalf of the public because, as the Commission determined, the public interest did not preclude the issuance of the remedial orders.[2] ECF 66 at Appx443, Appx476-477. In particular, as the Commission found, there are "numerous reasonable substitutes" available to U.S. consumers. *Id.*

---

[1] The Commission's remedy is not monetary in nature. Rather, when, as here, the Commission finds a violation of section 337 of the Tariff Act, as amended, 19 U.S.C. § 1337, the Commission issues remedial orders, *i.e.*, limited exclusion orders and/or cease and desist orders prohibiting the importation and/or sale after importation into the United States of infringing articles, provided the public interest factors do not preclude the issuance of the remedy.

[2] Apple did not challenge any of the Commission's public interest findings in its appeal brief. ECF 38.

1

Apple stands in no worse position than most other appellants before the Court. Rather, because Apple can freely sell its redesigned watches, the harm alleged by Apple falls far short of the harm suffered by most other litigants who must wait for their turn to be heard. In particular, this case is unlike *Chamberlain* where the redesigned products were the subject of ongoing enforcement proceedings before the Commission, which imperiled a substantial portion of Chamberlain's movable barrier operator business. *See* Mot. to Expedite Argument, *Chamberlain Grp. v. ITC*, No. 22-1664 (Fed. Cir. Jan. 26, 2023) (ECF 78).

Apple's reliance on the Practice Notes to Federal Circuit Rule 27(c) is similarly misplaced. Notably, Apple's motion to expedite is not timely because Apple failed to file its motion "immediately after docketing" as provided in the practice notes. Nor did Apple expedite its opening and/or reply brief, unlike Chamberlain. *See* Order Expediting Briefing, *Chamberlain Grp. v. ITC*, No. 22-1664 (Fed. Cir. May 6, 2022) (ECF 19).

Apple dismisses any prejudice to the Commission without considering that the Commission has an interest in the orderly conduct of its various investigations and appeals therefrom, particularly in view of the heavy workload of the Commission's lead counsel through the end of 2024.

Accordingly, Apple's motion to expedite oral argument should be denied.

I.  **BACKGROUND**

The Commission issued its final determination on October 26, 2023, finding that Apple violated section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, based on the infringement of U.S. Patent Nos. 10,912,502 and 10,945,648. *See* 88 Fed. Reg. 75032 (Nov. 1, 2023). The Commission issued a limited exclusion order and a cease and desist order (collectively, "remedial orders") against Apple's infringing products. *See id.*

On December 26, 2023, Apple filed a petition for review of the Commission's final determination, and on the same day, Apple filed a motion for an emergency stay of the Commission's remedial orders pending appeal. On January 17, 2024, the Court denied Apple's motion to stay after "consider[ing] all four factors" of a stay, including likelihood of success on the merits, irreparable harm, harm to third parties, and the public interest. ECF 33 at 2. The Court noted that U.S. Customs and Border Protection ("CBP") concluded that Apple's redesigned watches are not subject to the Commission's remedial orders.[3] *See id.*

Briefing was completed in the present appeal on July 19, 2024, and the joint appendix was filed on August 7, 2024. The Court's notice to advise of scheduling conflicts is expected to issue shortly.

---

[3] Apple notes that CBP is currently considering whether an alternative redesign is subject to the Commission's remedial orders. ECF 68 at 3 n.2. But that ruling would not change that Apple can freely sell the current redesigned watch.

3

## II. ARGUMENT

### A. Apple Offers No Adequate Reason to Support Its Request for Exceptional Treatment.

This Court's rules and practice notes make clear that "[m]otions to expedite proceedings are not routinely granted." *See* Fed. Cir. R. 27, Practice Notes. "Such a motion is appropriate where the normal briefing and disposition schedule may adversely affect one of the parties, as in appeals involving preliminary or permanent injunctions or government contract bid protests." *Id.*

Apple offers no adequate basis for expediting oral argument under this Court's rules and precedent. As the Court noted in its order denying Apple's motion to stay (ECF 33), Apple's redesigned products are not subject to the Commission's remedial orders, and thus, Apple can freely sell its redesigned watches during the pendency of this appeal. Moreover, by Apple's own admission, its redesigned watches include "hundreds of features," and Apple does not assert any harm to its business or reputation from the absence of the infringing blood oxygen feature. ECF 68 at 2.

Nor can Apple allege harm to the public because, as the Commission found, the public interest did not preclude the issuance of the remedial orders in the first instance, and there are "numerous reasonable substitutes for infringing Apple Watches available in the United States for both Apple Watch users who use the devices for personal, health-related use and for users who are using infringing

4

Apple Watches to participate in medical studies." ECF 66 at Appx443, Appx476-477. Significantly, Apple did not dispute any of the Commission's public interest findings in its appeal brief. ECF 38. Accordingly, any harm alleged by Apple now is speculative and therefore, Apple has failed to show any reasonable basis for an expedited oral argument or its request for exceptional treatment. *Cf. Koninklijke Philips NV v. Thales DIS AIS USA LLC*, 39 F.4th 1377, 1380 (Fed. Cir. 2022) ("[S]peculative harm does not justify the rare and extraordinary relief of a preliminary injunction.").

Contrary to Apple's assertion, this Court's decision in *Chamberlain* is inapposite and does not support Apple's motion to expedite oral argument. *See* Order Expediting Argument, *Chamberlain Grp. v. ITC*, No. 22-1664 (Fed. Cir. Feb. 8, 2023) (ECF 83).[4] In that case, the redesigned products were subject to ongoing enforcement proceedings before the Commission, which imperiled a substantial portion of Chamberlain's movable barrier operator business. *See* Mot. to Expedite Argument, *Chamberlain Grp. v. ITC*, No. 22-1664 (Fed. Cir. Jan. 26, 2023) (ECF 78). Under those facts, the Court scheduled oral argument in

---

[4] The other cases cited by Apple involved essentially unopposed motions to expedite. ECF 68 at 4-5 (citing *Impinj, Inc. v. NXP USA, Inc.*, No. 24-1045 (Fed. Cir. Mar. 7, 2023) (ECF 23); *Vas Realty, LLC v. United States*, No. 21-1962 (Fed. Cir. Aug. 2, 2021) (ECF 52); *Am. Institute for Int'l Steel v. United States*, No. 19-1727 (Fed. Cir. Oct. 17, 2019) (ECF 66)).

*Chamberlain* for May 2023, *i.e.*, six months after the case was ready for calendaring at the end of October 2022. *See id.*; Order Expediting Argument, *Chamberlain Grp. v. ITC*, No. 22-1664 (Fed. Cir. Feb. 8, 2023) (ECF 83).

Beyond Apple's failure on the merits of its motion, Apple's motion is also untimely under the Court's rules. *See* Fed. Cir. R. 27, Practice Notes ("A motion for expedited proceedings … should be filed immediately after docketing."). This appeal was docketed on December 26, 2023, and Apple should have filed its motion to expedite oral argument shortly thereafter, not seven months later. Nor did Apple expedite its opening and/or reply brief unlike Chamberlain.[5]

### B. <u>Expediting the Argument Would Prejudice the Commission.</u>

Apple entirely discounts any prejudice to the Commission should the Court expedite oral argument. Apple ignores the Commission's interest in the orderly conduct of its investigations and the various appeals therefrom. In particular, the Commission's lead counsel in this appeal, Mr. Ronald A. Traud, has a heavy investigation and litigation workload through the end of 2024. Mr. Traud, who prepared the Commission's appeal brief and will be arguing on behalf of the

---

[5] Unlike Apple, Chamberlain filed a motion to sever or expedite briefing less than two weeks after docketing and filed its appeal brief two business days after the Court's order on that motion. *See* Order Expediting Briefing, *Chamberlain Grp. v. ITC*, No. 22-1664 (Fed. Cir. May 6, 2022) (ECF 19).

6

Commission, is the only attorney at the Commission with knowledge of the facts of the underlying investigation and the present appeal.

More specifically, Mr. Traud is currently preparing for oral argument in *Wuhan Healthgen Biotechnology Corp. v. ITC*, Appeal No. 23-1389, which is scheduled for September 3, 2024. In addition, Mr. Traud is assisting the Commission with the Commission's decision on whether to review the final initial determination in *Certain Botulinum Toxin Products and Processes for Manufacturing or Relating to Same*, Inv. No. 337-TA-1313, a decision which is currently due on September 27, 2024, and which has already been delayed to account for the before-mentioned oral argument. Mr. Traud will also be advising the Commission regarding the final determination in that investigation, which is currently due on October 10, 2024, subject to further extensions as needed. Given the number and complexity of the issues raised by Apple in this appeal, an expedited oral argument may result in further delays in the completion of that investigation, which would be manifestly unfair to the parties thereto. Furthermore, Mr. Traud currently advises the Commission in connection with Investigation No. 337-TA-1378, *Certain Organic Light-Emitting Diode Display Modules and Components Thereof*; Investigation No. 337-TA-1401, *Certain Firearm Disassembly Tongs*; and Investigation No. 337-TA-1408, *Certain Hydrodermabrasion Systems and Components Thereof*.

## III. <u>CONCLUSION</u>

Apple's motion to expedite oral argument is neither warranted nor timely. Accordingly, the Commission respectfully requests that the Court deny Apple's motion to expedite oral argument.

Respectfully submitted,

<u>/s/ Houda Morad</u>
DOMINIC L. BIANCHI
  General Counsel
HOUDA MORAD
  Attorney Advisor
RONALD A. TRAUD
  Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, S.W.
Washington, DC 20436
Tel: (202) 708-4716
Fax: (202) 205-3111
houda.morad@usitc.gov

*Counsel for Appellee*
*International Trade Commission*

Date: August 15, 2024

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO FED. R. APP. P. 27(d)(2)(A), 32(g)

Pursuant to Fed. R. App. P. 27(d)(2)(A) and 32(g), I hereby certify that the attached opposition complies with the type-volume limitation and typeface requirements. The opposition has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft Office 365 in Times New Roman 14-point font, and contains 1644 words according to the word-count function of the word-processing system.

*/s/* Houda Morad
Houda Morad
Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, S.W.
Washington, DC 20436
Tel:  (202) 708-4716
Fax:  (202) 205-3111
houda.morad@usitc.gov

*Counsel for Appellee*
*International Trade Commission*

Date:  August 15, 2024