# No. 2024-1285

# IN THE
# United States Court of Appeals
## FOR THE FEDERAL CIRCUIT

APPLE INC.,

*Appellant,*

v.

INTERNATIONAL TRADE COMMISSION,

*Appellee,*

MASIMO CORPORATION, CERCACOR LABORATORIES, INC.,

*Intervenors.*

Appeal from the United States International Trade Commission
in Investigation No. 337-TA-1276

## INTERVENORS' OPPOSITION TO APPELLANT APPLE INC.'S MOTION TO EXPEDITE ORAL ARGUMENT

| | |
|---|---|
| Jonathan E. Bachand | Joseph R. Re |
| **KNOBBE, MARTENS, OLSON & BEAR, LLP** | *Principal Counsel* |
| 1717 Pennsylvania Avenue N.W. | Stephen C. Jensen |
| Suite 900 | Sheila N. Swaroop |
| Washington, DC 20006 | Brian C. Claassen |
| (202) 640-6400 | **KNOBBE, MARTENS, OLSON & BEAR, LLP** |
| | 2040 Main Street, 14th Floor |
| | Irvine, CA 92614 |
| | (949) 760-0404 |
| | |
| | *Counsel for Intervenors* |
| | *Masimo Corporation and Cercacor Laboratories, Inc.* |

August 15, 2024

# **CERTIFICATE OF INTEREST**

Counsel for Intervenors Masimo Corporation and Cercacor Laboratories, Inc. certifies the following:

1. The full name of the parties represented by me is:

    Masimo Corporation
    52 Discovery
    Irvine, CA 92618
    Telephone: 949-297-7000

    Cercacor Laboratories, Inc.
    15750 Alton Pkwy
    Irvine, CA 92618
    Telephone: 800-610-8522

2. The name of the real party in interest represented by me is:

    N/A

3. Full name of all parent corporations and all publicly held companies that own 10 percent or more of the stock of the party represented by me are:

    Masimo Corporation has no parent corporation. BlackRock owns at least 10% of Masimo Corporation's stock.

    Cercacor Laboratories, Inc. has no parent corporation and no publicly held company owns at least 10% of Cercacor Laboratories, Inc's stock.

4. Other than those who have already made an appearance in this Appeal, the name of all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this Court are:

    Knobbe, Martens, Olson & Bear, LLP: Ted M. Cannon, Brian C. Claassen, Irfan A. Lateef, Alan G. Laquer, Kendall M. Loebbaka, Carol Pitzel Cruz, Douglas B. Wentzel, Daniel C. Kiang, William R. Zimmerman, Karl W. Kowallis, and Matthew S. Friedrichs.

5.     The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal are as follows:

*Apple Inc. v. Masimo Corporation et al.*, 1:22-cv-01378-MN (D. Del.).

6.     Information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees):

None.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 15, 2024      By: /s/ *Joseph R. Re*
Joseph R. Re

*Counsel for Intervenors*
*Masimo Corporation and Cercacor*
*Laboratories, Inc.*

## I. INTRODUCTION

Intervenors Masimo Corporation and Cercacor Laboratories, Inc. ("Intervenors") oppose Appellant Apple Inc.'s ("Apple") motion to expedite oral argument. The Court should deny Apple's belated motion and treat this proceeding just like any other appeal from the Commission.

Apple filed its Notice of Appeal on December 26, 2023, and this Court docketed the appeal that day. Apple never moved to expedite these proceedings and has done nothing to self-expedite the appeal, such as filing a brief before a deadline. Briefing is now complete and the joint appendix was filed on August 7, 2024. The Court's notice to advise of scheduling conflicts is expected to issue shortly. This Court should not permit Apple to jump the line of litigants waiting for oral argument based on unsupported claims of harm and the public's purported need for Apple's dangerous yet popular Blood Oxygen feature.

Apple argues for an expedited hearing based on its erroneous contention that the infringing watches' Blood Oxygen feature is "an important health-and-wellness feature" no longer available to consumers. Apple Motion at 2. In truth, Apple's Blood Oxygen feature is a novelty item and "not intended for medical use." Contrary to Apple's baseless characterizations, the Blood Oxygen feature cannot "alert users" to "respiratory or cardiac problems" or "help predict the onset of acute illness." Apple Motion at 6-7. Unlike Masimo's competing watch product, Apple's Blood

Oxygen feature is not FDA cleared to measure blood oxygen, let alone accomplish the fanciful feats argued by Apple.

Importantly, the Commission already determined that exclusion of Apple's infringing watches would be in the public's interest and would not adversely affect the public health and welfare—findings Apple does ***not*** challenge on appeal. After conceding this issue by failing to raise it on appeal and doing nothing to self-expedite, Apple cannot genuinely ask the Court to give it special treatment based on the public's interest. Accordingly, this Court should deny Apple's motion.

## II. <u>ARGUMENT</u>

### 1. Apple Did Not Expedite This Appeal and Delayed This Motion

This appeal was docketed on December 26, 2023. The Practice Notes to Federal Circuit Rule of Procedure 27 specify that motions to expedite "are not routinely granted . . . [and] should be filed ***immediately after docketing***." Contrary to this Court's guidance, Apple delayed filing its Motion to Expedite for over seven months. Apple does not explain that delay or its sudden demand that this Court expedite its consideration of this matter.

Rather, Apple claims it "has undertaken to move this appeal forward as expeditiously as possible." Apple Motion at 2. Apple ignores it failed to move for an expedited appeal in accordance with this Court's guidance. Moreover, Apple ignores that it failed to self-expedite by filing its briefs before the deadlines. Apple

had the Commission's opinion on October 26, 2023, and could have begun preparing its brief then, yet Apple did not file its Opening Brief until April 5, 2024. This was over 100 days after the December 2023 docketing of the appeal.

Apple argues that it filed its notice of appeal "60 days early," but ignores the self-serving nature of that filing. Apple filed that notice of appeal so it could request an administrative interim stay that allowed Apple to continue selling infringing watches pending this Court's substantive consideration of Apple's motion to stay pending appeal. But once this Court denied Apple's motion to stay on January 17, 2024, Apple waited months to file its opening brief and did not expedite that filing by a single day. *Hallmark-Phoenix 3, LLC v. United States*, 429 Fed.App'x 983, 984 (Fed. Cir. 2011) (denying motion to expedite when appellant "has not expedited the filing of its opening brief and thus did not take advantage of the easiest way to expedite proceedings.").

### 2. Apple's Cited Authorities Do Not Support Apple

Apple cites four cases granting motions to expedite oral argument filed after the close of briefing. None support Apple. In *Chamberlain Group v. ITC*, Chamberlain sought expedited briefing on the merits by a motion filed less than two weeks after the appeal was docketed. *Chamberlain Group v. ITC*, Nos. 22-1656 at ECF Nos. 1 and 10. The Court granted the motion by setting a partially expedited briefing schedule. *Chamberlain Group v. ITC*, Nos. 22-1664, ECF No. 19.

Chamberlain filed its appeal brief four days later. *Chamberlain Group v. ITC*, Nos. 22-1664, ECF No. 23. In contrast, Apple did nothing to self-expedite and did not promptly seek an expedited briefing schedule.

The other cases are also distinguishable, most readily because they all concerned essentially unopposed motions to expedite. Moreover, in *Impinj*, the appellant self-expedited its opening brief over the Thanksgiving holiday. *See, e.g.*, *Impinj, Inc. v. NXP USA, Inc.*, 2024-1045, ECF No. 19 at 2, 7. In *Vas Realty, LLC v. United States*, the appellant self-expedited by filing its opening brief 53 days early and its reply brief 11 days early. 21-1962, ECF No. 6, 48 at 2.

### 3. Apple's Public-Interest Arguments Ignore the Commission's Contrary Findings, Which Apple Does Not Challenge on Appeal, and the Evidence Supporting Those Findings

Apple cites selective public-interest submissions to argue "the public itself has a substantial stake in [the Blood Oxygen feature] and this case." Apple Motion at 6-7. Apple ignores the Commission's findings rejecting Apple's public-interest arguments and all of the evidence supporting those findings. Indeed, Apple has not challenged any of those findings on this appeal.

The Commission found that consumers have access to "numerous reasonable substitutes for infringing Apple Watches available in the United States for both Apple Watch users who use the device for personal, health-related use and for users who are using infringing Apple Watches to participate in medical studies."

-4-

Appx443. Apple did not appeal this finding and cannot dispute the numerous reasonable substitutes for infringing Apple Watches available to consumers. Because the Commission's public interest findings are not on appeal, Apple's case law on this issue is irrelevant. Nor does Apple acknowledge the Commission's decision to allow exemptions for repair and replacement of infringing Watches. Appx458-459, 463-467. Apple's attorney argument that the public is suffering due to the absence of Apple's infringing functionality provides no basis to expedite oral argument.

The evidence also showed that Apple's infringing Blood Oxygen feature functions poorly and is actually dangerous because the public has been deceived into believing it can identify "respiratory or cardiac problems" or "help predict the onset of acute illness." Apple Motion at 6-7. Apple's Blood Oxygen feature is not FDA cleared. Apple's own marketing states in fine print that "Blood oxygen app measurements are not intended for medical use, including self-diagnosis or consultation with a doctor…." Appx52512. The Commission considered numerous public-interest submissions explaining the unreliability of Apple's Blood Oxygen feature, including:

(1) Dr. Ward of the University of Michigan explained the Apple Watch "endangers public health" and the "parameters provided and advertised by Apple

simply do not have the fidelity and accuracy required for medical decision making." Appx24204-24206.

(2) Dr. Goldstein, a prominent neonatologist at Loma Linda University Medical Center, explained "[t]he incorrect perception that Apple's pulse oximetry feature includes reliable technology could lead to both false positives and false negatives, hurting the public welfare." Appx24276.

(3) Dr. Pronovost at University Hospitals explained the Apple Watch puts "patients at risk for misdiagnosis and harm." Appx24245.

(4) The Patient Safety Movement Foundation explained the Apple Watch is "potentially dangerous to the public, particularly given Apple's historic marketing of the feature." Appx24261.

Apple's internal documents reflect that Apple was only able to obtain two blood oxygen measurements per day on just 37% of people, not the 90% they had targeted. C.A. Dkt. 26 at MAS-ADD-428. Yet, Apple rushed its Blood Oxygen feature to market in September 2020, hoping to capitalize on the "chaos of COVID-19." C.A. Dkt. 26 at MAS-ADD-546. Comparative testing of Apple's Blood Oxygen functionality also shows its unreliability. The Apple Watch was only able to detect about 7% of dangerous oxygen desaturation events, compared to the Masimo W1 that detected 100% of such events. C.A. Dkt. 26 at MAS-ADD-377-

MAS-ADD-392 at MAS-ADD-387. The Apple Watch's infringing sensor does not offer hospital grade pulse oximetry. *Id*. at MAS-ADD-384.

### 4. Apple Cannot Show Prejudice

Apple would not be prejudiced by having its appeal heard in the normal course. Apple asserts it would be "harmed" but never explains why. Apple Motion at 2 ("Given the harm to Apple . . . ."); *id*. at 6 ("Even beyond Apple's strong interest in being able to sell [the infringing watch], . . . .") Apple previously sought stays of the exclusion order at the Commission and the Federal Circuit. Both denied Apple's request to continue its infringement during the pendency of this appeal. Appx27230-Appx27244 (Commission Opinion); C.A. Dkt. No. 33 (lifting interim stay and denying Apple's motion). This Court denied Apple's motion to stay after "consider[ing] all four factors" of a stay, including likelihood of success on the merits, irreparable harm, harm to third parties, and the public interest. C.A. Dkt. No. 33 at 2. The Court also noted that Apple's redesigned watches are not subject to the Commission's remedial orders. *See id.*

Apple is currently importing that redesigned watch with the infringing functionality disabled.[*] Accordingly, the public still has access to, and Apple can

---

[*] Apple has sought CBP approval of an "additional alternative redesign" which would "provide pulse oximetry functionality" to Apple customers. Apple Motion at 3 n.2. That request is pending, but any ruling there would not prevent Apple from importing the Watch already approved by the CBP.

still import and sell, Apple Watches containing its "hundreds of features." Apple Motion at 2-3. Apple's arguments of harm are unsupported.

### 5. Apple Ignores Prejudice to Masimo

Apple ignores the prejudice to the parties caused by scheduling oral argument for some undetermined "early date." Apple Motion at 5-6. Apple did not wait until counsel submitted calendaring conflicts before seeking this relief (distinguishing this case from matters such as *Chamberlain*). Apple and Masimo are involved in multiple litigations and have two district court trials scheduled in October 2024 and November 2024, with additional trials to be scheduled.

## III. CONCLUSION

Because no reason justifies expediting oral argument, this Court should deny Apple's motion.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 15, 2024    By: /s/ *Joseph R. Re*
　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　Sheila N. Swaroop
　　　　　　　　　　　　　　Jonathan E. Bachand
　　　　　　　　　　　　　　Brian C. Claassen

　　　　　　　　　　　　　　*Counsel for Intervenors*
　　　　　　　　　　　　　　*Masimo Corporation and Cercacor*
　　　　　　　　　　　　　　*Laboratories, Inc.*

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2). This response contains 1,685 words, excluding the parts of the brief exempt by Fed. R. App. 27 (d) and Fed. Cir. R. 27(d).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font Times New Roman.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 15, 2024   By: /s/ *Joseph R. Re*
Joseph R. Re

*Counsel for Intervenors
Masimo Corporation and Cercacor
Laboratories, Inc.*