Nos. 2024-1285

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

APPLE INC.,

*Appellant*,

v.

INTERNATIONAL TRADE COMMISSION,

*Appellee*,

MASIMO CORPORATION, CERCACOR LABORATORIES, INC.,

*Intervenors*.

On Appeal from the United States International Trade Commission
in Investigation No. 337-TA-1276

**APPELLANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO EXPEDITE ORAL ARGUMENT**

It is uncommon for a party to request expedited oral argument, but Apple does not make this unusual request lightly. Apple respectfully submits that the extraordinary circumstances of this case—a weakly reasoned permanent injunction ruling that bars the public's access to an important health-and-wellness feature and that Apple has challenged at every opportunity—merit expedited oral argument.

The International Trade Commission and Masimo are wrong to suggest that this Court has imposed brightline rules about when such a motion can be granted. Many of the Commission's and Masimo's procedural arguments (including their

suggestion that the moving party must show irreparable harm or must file a motion to expedite oral argument at the outset of the case) have no basis in this Court's Rules and were also raised (by the Commission) and necessarily rejected by this Court in the *Chamberlain* appeal. More broadly, Masimo and the Commission have been on notice about Apple's intent to file a motion to expedite oral argument for months and have never before asserted that such a request was untimely or otherwise improper. *Cf.* C.A. Dkt. 46 at 2 (joint filing by Masimo and the Commission noting Apple's intent to file motion to expedite and raising no procedural objection). Finally, the Commission's and Masimo's claims of prejudice from an early argument lack cognizable support, as they appear to be based solely on the fact that certain individual attorneys may be unavailable for particular oral argument calendars. At worst, this is a reason to schedule oral argument in a month that works for counsel for all parties, not a reason to deny expedition altogether.

## ARGUMENT

The Commission and Masimo raise five basic arguments in opposition to Apple's motion to expedite, all of which are meritless.

***First***, the Commission wrongly suggests that oral argument cannot be expedited unless Apple establishes it will suffer irreparable/imminent harm to its interests. ITC Opp. 1-2, 4; *see also* Masimo Opp. 7-8 (similar). This Court's Rules impose no such requirement. The Commission advanced the same argument in the

*Chamberlain* case, the movant did not dispute that it failed to show irreparable harm, and yet this Court still granted expedition. *See* Opposition, *Chamberlain Group v. International Trade Commission*, Nos. 22-1664, -1656 (Fed. Cir. Feb. 3, 2023), ECF No. 80 at 2-3, 8 & n.3 (hereinafter "*Chamberlain* ITC Opp."); *id.* ECF No. 82 at 2 & n.1 (Chamberlain movant arguing that the Commission "inaccurately suggests that Chamberlain must show irreparable harm to succeed on its motion"); *see also* Response, *Impinj, Inc. v. NXP USA, Inc.*, No. 24-1045 (Fed. Cir. Feb. 28, 2024), ECF No. 22 at 4 (appellee objecting to assertion in appellant's motion to expedite that appellant had suffered irreparable harm); *id.* ECF No. 23 at 1 (order granting appellant's motion to expedite). In any event, Apple has suffered—and will continue to suffer—real harm every day the permanent injunction at issue is in place because Apple cannot sell a fully-featured product that includes the Blood Oxygen feature in the U.S. This Court has expressly recognized that expedition can be appropriate when the appeal of a permanent injunction is at stake, *see* Fed. Cir. R. 27, practice note, guidance that has particular force here, where Apple has for months been subjected to an exclusion order that is based on flawed reasoning.

***Second***, both Masimo and the Commission incorrectly contend that Apple's motion is untimely because it was not filed right after this appeal was docketed. ITC Opp. 2, 6; Masimo Opp. 2-3. Again, the Commission advanced precisely the same argument in *Chamberlain*, and expedition was still granted. *See* ITC *Chamberlain*

3

Opp. 9 ("Chamberlain's Motion To Expedite Argument Is Not Timely.").[1] This is likely because the purported timing requirement appears nowhere in the rules. Further, the relevant practice note and lone case cited by Masimo discuss timing only in the context of filing "motions to expedite *proceedings*" as a whole. Fed. Cir. R. 27, practice note; *see also Hallmar-Phoenix 3, LLC v. United States*, 429 F. App'x 983, 984 (Fed. Cir. 2011) (nonprecedential) (denying movant's "request to expedite *proceedings*, which [was] not developed in the motions papers").[2] Nothing in the practice note imposes a time limit on when to file a narrowly targeted motion to expedite oral argument. As explained, this Court has granted such motions multiple times even when filed after the close of briefing. *See* Mot. 4-5 (citing four examples). Here, Apple filed its motion to expedite just a few minutes after the joint appendix was filed—i.e., as soon as the case was ready for calendaring. At this stage, the appeal is fully briefed and the only remaining step is oral argument.

***Third***, the Commission and Masimo both wrongly attempt to distinguish *Chamberlain* on its facts. ITC Opp. 5-6; Masimo Opp. 3-4. To be clear, Apple does not assert that *Chamberlain* is factually identical to this case—just that it stands for

---

[1] The Commission's own briefing establishes that Apple filed its motion to expedite oral argument two months ***faster*** than the *Chamberlain* movant. *Compare* ITC *Chamberlain* Opp. 9 (arguing Chamberlain should not have waited "nine months"), *with* ITC Opp. 6 (arguing Apple should not have waited "seven months").

[2] Emphasis added unless noted.

4

the proposition that a motion to expedite oral argument *can* be granted at this stage and without a showing of irreparable harm. In any event, the Commission's and Masimo's arguments exaggerate the differences between this case and *Chamberlain*. For example, Masimo asserts (at 3) that this Court had "granted" Chamberlain "a partially expedited briefing schedule" at the outset of the appeal. In reality, the Court merely stated that Chamberlain could "self-expedite its briefs" and that "no extensions will be granted"—as the Commission previously summarized, it did not "otherwise expedite the argument or the briefing schedule for the other parties to the appeal." ITC *Chamberlain* Opp. 5, 9. As another example, the Commission now argues (at 5) that expedition was appropriate in *Chamberlain* because "ongoing enforcement proceedings … imperiled a substantial portion of Chamberlain's movable barrier operation business," but it previously argued that any threat posed by those proceedings was both "speculative" and "not imminent," ITC *Chamberlain* Opp. 8 & n.3.[3]

*Fourth*, the Commission and Masimo erroneously argue that there is no public interest in expedited oral argument. ITC Opp. 1, 4-5; Masimo Opp. 4-7. As an initial matter, both are wrong that Apple is estopped from arguing the public

---

[3] Both the Commission and Masimo also assert that Apple has not self-expedited in these proceedings, ITC Opp. 6; Masimo Opp. 4, but it is undisputed that (1) Apple filed its notice of appeal two months early and (2) Apple responded to their combined 28,000 words of briefing in just three weeks rather than taking the conventional course of seeking an extension.

5

interest favors expedition because it did not appeal the Commission's findings regarding certain **statutory** public interest factors. The Commission itself has recognized (and Masimo has not disputed) that the public interest test laid out by statute imposes a different and higher standard on a movant than the public interest test in other contexts, such as when seeking a stay pending appeal. *See In re Certain Digital Models*, Inv. No. 337-TA-833, 2014 WL 12890480, at *5-*6 (June 11, 2014) (granting stay pending appeal despite ruling against movant on statutory factors); *see also* C.A. Dkt. 30 at 11 (noting lack of dispute by Masimo on this issue). By the same token, there is no reason why Apple should be required to make the same factual showing needed to **avoid imposition of an importation/sale ban** in order to justify **expediting oral argument** by a matter of months. *Cf.* ITC Opp. 1 (acknowledging that Commission's public-interest analysis only evaluated whether the public interest "preclude[d] issuance of the" ban).

Masimo's and the Commission's reliance on the agency's limited repair/replacement exception is also unavailing. That exception says nothing about the availability of Apple Watch with Blood Oxygen functionality to consumers who are *currently* in the market for a wearable device. In any event, the exception applies only to a discrete class of past Apple customers, *see* Appx463-467, meaning that anyone beyond a relatively recent purchaser or one who has paid for enhanced protection may have no replacement option at all. Further, as Apple has explained,

6

Masimo had no existing "article" that practiced its asserted patents at the time of the complaint and, even today, sells no consumer watch product in commercially meaningful quantities. *E.g.*, Apple Reply Br. 2.

Finally, Masimo's attempt (at 4-7) to relitigate the efficacy of the Blood Oxygen feature is a red herring. Masimo does not dispute that numerous prominent medical professionals have concluded that it is in the public's interest to have access to the Blood Oxygen feature or that multiple studies have confirmed the Blood Oxygen feature's reliability. *See* Mot. 6-7.[4] In short, it is clear that U.S. consumers would indeed be harmed by continued unavailability of an important health-and-wellness feature in Apple Watch and restoring that functionality as soon as possible is in the public interest.

***Fifth***, both Masimo and the Commission wrongly contend that they would be prejudiced by expedited oral argument simply because individual attorneys on their teams may not be available for certain oral argument calendars. Masimo Opp. 8; ITC Opp. 6-7. The Commission's and Masimo's claims of prejudice are at best a reason not to schedule oral argument in a particular month—not a reason to deny

---

[4] Masimo's reliance (at 6-7) on two exhibits from the parties' prior trade secret trial (where half of Masimo's purported trade secrets were declared invalid as a matter of law and where six out of the seven jurors indicated in a juror note that they were in Apple's favor on the remainder) is a distraction given the different technology at issue in this case. And several of Masimo's other assertions cite to a self-serving white paper ***authored by Masimo***. *See* Masimo Opp. 6-7 (citing C.A. Dkt. 26 at MAS-ADD-377-392).

expedition altogether. At present, the first available oral argument calendar not yet scheduled is October 7-11, 2024. The Commission and Masimo do not identify any matters that month that would qualify as conflicts under this Court's guidance on oral argument conflicts. *See* U.S. Court of Appeals for the Federal Circuit, *Guidance on Oral Argument Scheduling Conflicts* at 2 (Feb. 2024).[5] Nor do the Commission or Masimo identify any concrete conflicts in December 2024, January 2025, and so on.[6] To the extent that this Court credits Masimo's and the Commission's position at all, the simple answer is to schedule oral argument in a month other than November 2024. Counsel for Apple is presently available for argument in October, December, or any sitting in 2025.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court expedite oral argument, setting it on the first available argument calendar.

---

[5] For example, the October 2024 trial mentioned by Masimo is set for the week of October 21, 2024—i.e., two weeks after the October sitting. *See Guidance on Oral Argument Scheduling* at 2 (an allowable conflict exists for "scheduled participation in a trial … the week *immediately following* the oral argument session").

[6] The Commission's apparent request to block off each of the 15 days of sittings in the October, November, and December calendars due to the general press of business for one particular attorney is improper. *See Guidance on Oral Argument Scheduling* at 2 (it is "generally unallowable" for a party to identify more than ten conflict dates); *but see* ITC Opp. 6 (asserting that a particular attorney "has a heavy investigation and litigation workload through the end of 2024").

Dated: August 19, 2024 	Respectfully submitted,

/s/ Mark D. Selwyn
MARK D. SELWYN
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA  94306
(650) 858-6000

*Counsel for Appellant Apple Inc.*

# CERTIFICATE OF INTEREST

Counsel for Appellant Apple Inc. certifies the following:

**1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). Provide the full names of all entities represented by undersigned counsel in this case.

Apple Inc.

**2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

None.

**3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

None.

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

**WILMER CUTLER PICKERING HALE AND DORR LLP:** Brittany Blueitt Amadi, Thomas Anderson, James Bor-Zale, Alison Burton, David L. Cavanaugh, Jennifer Charlton (former), Jonathan A. Cox, Ravi Deol, Kim Do, Laura Donovan, Sydney Donovan, Michael Esch (former), Nina Garcia, Richard Goldenberg (former), David Gringer, Vikram Iyer, Brian Jacobsmeyer (former), Julius Jefferson (former), Rauvin Johl, Jennifer John (former), Joshua Lerner, James Lyons, Lauren Mandell, Courtney Merrill, Zach Nemtzow, Henry Nikogosyan, Richard W. O'Neill, Nora Q.E. Passamaneck, Allison Que, David Ross, Cristina Salcedo, Hannah Santasawatkul, Emily Scherker, Michaela P. Sewall, Labdhi Sheth, Linda Sun (former), Jose Valenzuela, Cynthia D. Vreeland, Yifan (Ivan) Wang, Amy K. Wigmore

**FISH & RICHARDSON P.C.:** Michael Amon, Benjamin Elacqua, Scott Flanz

**GIBSON, DUNN & CRUTCHER LLP:** Brian Andrea (former), David Brzozowski, Mark Lyon (former)

**POLSINELLI LAW FIRM:** Deanna Okun, Sean Wesp

**WEIL, GOTSHAL & MANGES LLP:** Mark Perry

**5. Related Cases**. Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

[X] Yes (file separate notice; see below)   [ ] No   [ ] N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). Please do not duplicate information. This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

Already filed.

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

None.

Dated: August 19, 2024

/s/ Mark D. Selwyn
MARK D. SELWYN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
(650) 858-6000

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because:

1. The filing has been prepared using a proportionally spaced typeface and includes 1,927 words.

2. The foregoing has been prepared using Microsoft Word for Office 365 in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

/s/ Mark D. Selwyn
MARK D. SELWYN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA  94306
(650) 858-6000

August 19, 2024